IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: GWENDOLYN CAMILLIA WALLACE,<br>    Debtor. | Chapter 7<br>Case No. 3:25-bk-01435 |
| EVA M. LEMEH, TRUSTEE,<br>    Plaintiff,<br>v. | Adv. Proc. No. 3:25-ap-90059<br>Judge Nancy B. King |
| NAPOLEON EDMONDSON,<br>    Defendant/Third-Party Plaintiff,<br>v. | |
| GWENDOLYN CAMILLIA WALLACE,<br>Third-party Defendant, | |

## NAPOLEON EDMONDSON'S ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT

COMES NOW Defendant, Napolean Edmondson, by and through undersigned counsel, and submits this Answer to the Complaint and Affirmative Defenses and Third-Party Complaint, responding to the allegations as follows:

### SPECIFIC ANSWERS

### (Paragraphs 1-23)

1. Defendant admits the allegation.

2. Defendant admits this allegation.

3. Defendant admits this allegation.

4. Defendant admits this allegation.

5. Defendant admits this allegation.

6. Defendant admits this allegation.

7. Defendant admits this allegation.

8. Defendant admits this allegation.

9. Denied, Mr. Edmondson states that the Debtor was not a "party" to the 2019 Quitclaim deed since it was procured by fraud/duress and maybe by forgery based on Mr. Edmondson's knowledge of his father's signature. But he admits that she is on the deed that is attached as Exhibit A

10. Defendant admits this allegation.

11. Denied the deed was procured by fraud/duress or forgery.

12. Defendant denies this allegation except that she lives in the property.

13. Defendant admits this allegation.

14. The Defendant denies this allegation.

15. Admit but deny that it was a "transfer" in the sense that Mr. Edmondson believes the 2019 Deed was procured by fraud/duress/or forgery.

16. Defendant admits this allegation.

17. Defendant admits this allegation.

18. The Defendant denies this allegation., it was signed as a result of settlement negotiations. Both parties had lawyers.

19. The Defendant denies this allegation.

20. Defendant admits this allegation.

21. Defendant denies this allegation and states this is a conclusory statement and not fact.

22. Defendant admits this allegation but states that the mortgage is not in the name of the debtor but in the name of Napoleon Glass- who is now deceased

23. The Defendant denies this allegation.

## COUNT 1: AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO T.C.A. § 66-3-101 ET. SEQ AND T.C.A. § 66-3-301 VIA THE STRONG ARM PROVISIONS OF 11 U.S.C.§ 544(B)

24. The Defendant incorporates his previous responses as if stated herein.

25. Defendant denies this statement and strict proof is demanded.

26. The Defendant denies this allegation.

27. The Defendant denies this allegation.

28. Admit but deny that this was a "transfer" due to fraud /duress/or forgery

29. The Defendant denies this allegation.

30. The Defendant denies this allegation.

31. The Defendant denies this allegation.

32. The Defendant denies this allegation and the elements under the UFTA, T.C.A. § 66-3-301 et. seq. are not properly pled.

33. The Defendant denies this allegation and the elements under the UFTA, T.C.A. § 66-3-301 et. seq are not properly pled.

34. The Defendant denies this allegation.

35. The Defendant denies this allegation

# COUNT 2: APPROVAL OF SALE OF REAL PROPERTY AND PARTITION OF PROCEEDS FROM SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h)

36. The Defendant incorporates his previous responses as if stated herein.

37. The Defendant denies this allegation.

38. The Defendant denies this allegation.

39. The Defendant denies this allegation.

40. The Defendant denies this allegation.

41. The Defendant admits this allegation.

42. The Defendant denies this allegation.

## AFFIRMATIVE DEFENSES

43. Equitable and Judicial Estoppel: Gwendolyn Wallace filed bankruptcies in 2022 and 2024 and failed to disclose any disputed interests, transfers, or claims against Mr. Edmondson, which now bars her current claims. Wallace is estopped from claiming an interest due to her previous bankruptcy filings where she failed to disclose the alleged fraud or contest Mr. Edmondson's title.

44. Unclean Hands and Fraud Upon the Court: The Debtor-Wallace made material misrepresentations regarding her debts and income and omitted key information about her rights in the property.

45. Lack of Standing: Wallace lacks standing to seek avoidance of a transfer that was never lawfully made to her to begin with.

46. Failure to State a Claim: The Amended Complaint lacks specificity required under Rule 9(b) regarding allegations of fraud and does not state a claim under either the Tennessee Uniform Fraudulent Transfer Act §66-3-101 et. seq or §66-3-301 or 11 U.S.C. § 544(b).

47. Waiver- There was a settlement agreement that Ms. Wallace entered into in 2022 wherein she agreed to sign over her interests in the property to Mr. Edmondson to prevent from being sued for fraud, coercion or duress. She knew that Mr. Edmondson was going to sue her for this via a letter she received from his attorney, Brent Hayes on January 8, 2021. When she signed the 2022 deed she was represented by counsel, Adrienne Love. Therefore, she cannot now claim that there was a fraudulent transfer under any common law or statute.

48. Good Faith Transferee- Defendant acted in good faith and provided reasonably equivalent value by restraining from suing Ms. Wallace for fraud/coercion/duress.

49. Fraud/Coercion/Duress/Undue Influence-Ms. Wallace engaged in fraud when the 2019 Deed was procured. She knew that Mr. Glass suffered from Dementia and Emphysema and that he did not have long to live. In fact, he died 2 months after the June 27, 2019, deed was signed. Knowing this she took Mr. Glass to her attorney's office on June 27, 2019, and got him to sign the deed giving her an interest in the property for no consideration. She was his caregiver and exuded undue influence over him and either forced or took him to her lawyer's office to sign the 2019 deed. The son Napoleon Edmondson has looked at the signature on the 2022 deed and believes that the signature on the deed may not be his father's.

**PRAYER FOR RELIEF**

WHEREFORE, having fully responded to the Amended Complaint, Defendant Napoleon Edmondson respectfully requests that this Honorable Court:

1. **Dismiss the Amended Complaint** in its entirety with prejudice for failure to state a claim upon which relief may be granted;

2. **Deny all relief sought by the Trustee**, including avoidance of the 2022 Quitclaim Deed and any request for partition, sale, or recovery of the subject property;

3. **Declare** that the 2019 Quitclaim Deed is void or voidable on grounds of fraud, duress, or forgery;

4. **Declare** that any alleged interest of Gwendolyn Wallace in the real property is invalid and unenforceable;

5. **Award Defendant his costs**, reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

**WHEREFORE NAPOLEON EDMONDSON takes the position of Third-Party Complaint and states as follows:**

### THIRD-PARTY COMPLAINT AGAINST DEBTOR GWENDOLYN CAMILLIA WALLACE

50. This Third Party-Complaint arising under 28 U.S.C. §§ 157 and 1334, and Federal Bankruptcy Rule 7014.

51. This claim arises from the same transaction or occurrence alleged in the Trustee's Amended Complaint.

52. Venue is proper under 28 U.S.C. § 1409.

53. This adversary proceeding involves state-law claims of fraud, forgery, duress, breach of contract declaratory judgment, and deed cancellation, which are non-core proceedings related to the bankruptcy case.

54. On or about June 27, 2019, Wallace accompanied Mr. Glass to attorney Adrienne Love's office to execute a quitclaim deed for his property (in which he owned a 100% fee simple interest) located in Nashville, Tennessee.

55. The deed gave Ms. Glass a joint tenant in common with rights of survivorship as stated in the deed.

56. The effect of this deed was that upon Mr. Glass's death she would receive a 100% interest in the property in fee simple.

57. At that time, Mr. Glass was gravely ill with Dementia and Emphysema and did not understand his rights.

58. Ms. Glass was his caregiver, lived with him and used her position to get him to either sign over his property to her or forged his signature.

59. This is evident because she used her attorney, Ms. Love to facilitate the transaction, Mr. Glass did not have his own attorney to advise him.

60. Alternatively, it is believed and alleged that Ms. Wallace forged Mr. Glass's signature and that he was not present when the signature was signed.

61. Napoleon Edmondson believes the signature is forged because he is familiar with his father's handwriting.

62. Wallace used her position of trust, proximity, and intimacy to obtain an interest in the property without lawful consideration or capacity.

63. When Mr. Edmondson found out about what happened, on January 8, 2021, Mr. Edmondson by and through his counsel, Brent Hays sent a letter to Gwendolyn Wallace informing her that the interest that she received in 2019 was procured by fraud and duress.

64. In that letter a request was made for the matter to be settled in lieu of a lawsuit being filed against her

65. Ms. Wallace then retained Ms. Love, the same lawyer that drafted the 2019 Quit Claim deed, to handle the situation.

66. As a result of negotiations, Ms. Wallace signed the 2022 deed giving Mr. Edmondson a interests in the property retaining a life estate.

67. She also agreed to pay all mortgage payments which included the real property taxes.

68. Since that time, Ms. Wallace has not paid mortgage at all and the property is in jeopardy of being foreclosed on.

69. She however remains in the home paying nothing. It is expected she may be only paying utilities.

## COUNT I – ACUTAL AND CONSTRUCTIVE FRAUD /UNDUE INFLUENCE AND/OR DURESS:

70. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

71. Wallace knowingly took advantage of Mr. Glass's incapacity when she coerced him or used her position as his girlfriend/caregiver when he signed the June 27, 2019, deed, giving her an interest at her attorney's office.

72. The fact that she took or forced Mr. Glass to sign the deed at her attorney's office shows fraud/ duress/coercion and/undue influence.

73. She also signed the 2022 deed as a form of settlement to deter a lawsuit being filed against her for these actions.

74. When she agreed to sign the 2022 deed, she knew that she had no intention of honoring her agreement when she failed to pay the mortgage as agreed, shortly thereafter.

75. Mr. Edmondson would have not settled with Ms. Wallace giving her a life estate if he had known she had no intention to honor their agreement by not paying the mortgage.

76. As a result of this, Mr. Edmondson detrimentally relied on the promise and now is facing the loss of the property due to Ms. Wallace's failure to pay the mortgage.

77. Also to avoid the settlement agreement she filed for bankruptcy on August 1, 2022 and then in May 1, 2024.

78. This lawsuit filed by the Trustee is a further attempt to avoid honoring the settlement agreement.

79. Since the trustee's position is that the deed in 2022 is fraudulent, Mr. Edmondson also alleges in the alternative that the 2019 deed is null in void due to the fraud/duress/coercion that took place in 2019 when Napoleon Glass involuntarily executed the deed or his signature was forged

## COUNT II – FORGERY:

80. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

81. Wallace knowingly took advantage of Mr. Glass's incapacity.

82. Wallace forged the deed. This is actionable fraud entitling Plaintiff to cancellation and damages.

## COUNT III – DECLARATORY JUDGMENT:

83. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

84. Pursuant to 28 U.S.C. § 2201, the Court should declare that Wallace has no valid legal interest in the property based on her actions in procuring an interests in the property in 2019.

85. Alternatively that the parties entered into an settlement agreement in 2022 and thus the 2022 deed only awards her a life estate.

## COUNT IV – QUIET TITLE:

86. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein

87. Wallace's fraudulent interest clouds title.

88. Mr. Edmondson seeks to quiet title in his favor.

## COUNT V – RECISSSION OF DEED

89. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein

90. Wallace knowingly took advantage of Mr. Glass's incapacity.

91. This entitles Mr. Edmondson to rescission of the June 27, 2019, deed.

## COUNT VI – EQUITABLE ESTOPPEL AND JUDICIAL ESTOPPEL:

92. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein

93. Wallace is estopped from claiming an interest due to her previous bankruptcy filings where she failed to disclose the alleged fraud or contest Mr. Edmondson's title.

## 94. COUNT VII – BREACH OF ORAL CONTRACT:

95. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein

96. The parties entered into an oral settlement agreement in 2022 that if Mr. Edmondson did not sue Ms. Wallace for fraud/duress concerning how she acquired Mr. Glass's property in 2019, she would give him a fee simple interest in the property and in return she would retain a life estate and timely pay the mortgage.

97. She has since reneged on that promise by allowing him to be sued in this court for fraudulent transfer and placing his interests.

98. In addition she failed to pay the mortgage as agreed before any bankruptcies were filed.

99. Mr. Edmondson is now in danger of losing his fee simple interests in the property due to his breach and is entitled to damages.

## COUNT VIII – PROMISSORY ESTOPPEL

100. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

101. Ms. Wallace made a clear and definite promise to Mr. Edmondson that if he did not sue her for fraud and undue influence as it related to her acquisition of the property in 2019, she would sign the 2022 deed over to him,

102. She also promised that if she was given a life estate, she would make sure the mortgage payments were made on time.

103. When she made these promises, Mr. Edmondson did not sue Ms. Wallace and allowed her to stay in the property.

104. Because Ms. Wallace is in the home and did not pay the mortgage, the property is currently heading to foreclosure due to non-payment.

105. Since Mr. Edmondson did not pursue his rights to sue Mr. Wallace, he detrimentally relied on her promise to pay the mortgage.

106. He also is now in jeopardy of losing his interest in the property because of the mortgage not being paid and Ms. Wallace's new claim that the transfer was fraudulent.

## COUNT IX – UNJUST ENRICHEMENT

107. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein

108. When Ms. Wallace received the life estate she did so with a promise that she would pay the mortgage.

109. Because she made this promise to Mr. Edmondson, she was not subject to a lawsuit that he would have filed against her due to her actions in 2019 which gave her an interest in the property.

110. She has been living in the property for 3 years and has refused to pay the mortgage irrespective of her bankruptcy filings.

111. When she was not in bankruptcy she still refused to pay the mortgage in violation of the agreement.

112. She has retained a benefit of being allowed to remain in the house without paying a mortgage as agreed. It would be inequitable for her to retain that benefit without compensation.

### COUNT X – EXEMPTION FROM BANKRUPTCY DISCHARGE:

113. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

114. Pursuant to 11 U.S.C. § 105(a), the Court has authority to issue any order necessary to preserve the estate. .

115. Before the bankruptcy was filed Ms. Wallace resided in the property but failed to pay the mortgage.

116. She as a life estate holder had a fiduciary duty to pay the real property taxes and interest on the mortgage.

117. She failed to do that and now the property is subject to foreclosure.

118. Wallace made false representations under oath in August 2022 and May 2024 and in this case regarding her debts and income.

119. For example, in her August 1, 2022, bankruptcy petition she failed to disclose that she transferred property to Mr. Edmondson in 2022.

120. She also made false statement under oath by omitting the 2022 Quitclaim Deed, failing to disclose her settlement agreement with Edmondson, and underreporting income.

121. She also failed to disclose these same facts in her May 1, 2024, bankruptcy petition.

122. In her August 1, 2022, bankruptcy petition, she stated under the oath that the value of the property was $375,000.00 but in the 2019 she stated it was worth $201,900.00.

123. This fraudulent conduct should exclude this claim from discharge under 11 U.S.C. § 523(2)(A) and § 727(a)(4) for false oaths and concealment of assets.

## COUNT XI – RECISSSION OF DEED

124. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

125. Mr. Edmondson is the only living son and heir of Mr. Glass and had it not been for Ms. Wallace's actions, he would have inherited the property.

126. Wallace knowingly took advantage of Mr. Glass's incapacity. This entitles Mr. Edmondson to rescission of the June 27, 2019, deed should court rule the 2019 deed to be valid.

## COUNT XII – INJUNCTION- BANKRUPTCY COURT INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105(a); RULE 7065

127. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

128. Pursuant to 11 U.S.C. § 105(a), the Court has authority to issue any order necessary to preserve the estate.

129. Mr. Wallace is entitled to equitable relief to preserve the real property at issue from waste neglect, or damage.

130. The Debtor, Ms. Wallace who has a life estate has failed to pay the property taxes and or/maintain the property placing the Estate and remainderman's interest's at risk.

131. Mr. Edmondson requests this court enjoin Ms. Wallace from damaging, transferring the property, require maintenance and insurance and grant any equitable relief this court deems just.

## COUNT XIII –CONSTRUSTIVE TRUST

132. THIRD-PARTY PLAINTIFF incorporates all allegations as if stated herein.

133. Wallace obtained an interest in the real property by fraud, duress, and undue influence over Mr. Glass, or alternatively, through forgery.

134. The Court should impose a constructive trust in favor of Mr. Edmondson over any interest Wallace claims in the property to prevent unjust enrichment and preserve equitable title.

**135.** Mr. Wallace is entitled to equitable relief to preserve the real property at issue from waste.

### WHEREFORE NAPOLEON EDMONDSON PRAYS:

1. Dismissal of the Trustee's Complaint for failure to state a claim.

2. Order Ms. Wallace maintain the property in good condition.

3. That Ms. Wallace pay the real property taxes, interests and insurance on the property.

4. Prohibit any unauthorized transfers and encumbrances.

5. Enjoin her from committing waste or failure to maintain the property.

6. Declaration that the 2019 deed is void due to fraud, undue influence, coercion duress, or forgery.

7. Declaratory judgment as to the invalidity of any interest claimed by Wallace.

8. Quiet title in favor of Napoleon Edmondson and to rescind the 2019 deed.

9. Impose a constructive trust;

10. Damages in an amount in excess $75,000.00 which will include compensatory damages, punitive damages and any monies that are due because of her failure to pay the mortgage on the property, the interests, and property taxes.

11. Exclusion of Wallace's interest from bankruptcy protection under § 523 and § 727 and

exclusion from bankruptcy discharge for any monetary damages awarded to Mr. Edmondson.

12. Any relief this court deems equitable and just.

13. For Debtor, Wallace to pay all Costs, attorney fees, and any further relief as this Court deems just.

    Respectfully submitted,

    **Wade Law Firm**

    */s/ Lorraine Wade*

Lorraine Wade, BPR No. 22331
199 Enon Springs Rd W Suite 100
Smyrna, Tennessee 37216
Lorrainewade@wadelaw.net
(615) 915.0289
*Counsel for Defendant, Third-Party Napoleon Edmondson*

**CERTIFICATE OF SERVICE**

This document was sent via the Federal Court Court's electronic filing system, via electronic mail and U.S. Mail to the following:

Justin T. Campbell

Thompson Burton

1801 West End Ave Suite 1550,

Nashville, Tennessee 37203

email justin@thomspnburton.com

On this 26th day of June 2025.

    s/Lorraine Wade/s