# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Gwendolyn Camilla Wallace, ) | Bk No. 25-01435 |
| ) | Chapter 7 |
|     Debtor, ) | Judge Nancy King |
| ) | |
| Eva M. Lemeh, Trustee, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Adv. No. 3:25-bk-90059 |
| ) | |
| Napoleon Edmondson, ) | |
| ) | |
|     Defendant/Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Gwendolyn Camilla Wallace, ) | |
| ) | |
|     Debtor/Third-Party Defendant ) | |

## TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS ADVERSARY PROCEEDING

COMES NOW Plaintiff/Counter Defendant Eva M. Lemeh (the "Trustee"), by and through counsel, respectfully submits this memorandum in support of her Partial Motion to Dismiss Adversary Proceeding (the "Motion") with respect to the *Third-Party Complaint* (the "Counter-Complaint") filed by Defendant/Third-Party Plaintiff Napoleon Edmondson ("Edmondson"). In support thereof, the Trustee states as follows:

The Counter-Complaint should be dismissed in part because seven of the thirteen counts fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

BACKGROUND

In the Counter-Complaint, Edmondson alleges facts concerning a 2019 real property conveyance involving Gwendolyn Wallace (the "Debtor") and Edmondson's now-deceased father, Mr. Glass, which was executed by quitclaim deed on June 27, 2019 and subsequently recorded on July 9, 2019. (*See Amended Complaint- Exhibit A*, Docket No. 4)[1] Edmondson states that this "adversary proceeding involves state-law claims of fraud, forgery, duress, breach of contract, declaratory judgment, and deed cancellation." (Countercl. ¶ 53.) At this stage of the proceedings, Trustee neither admits nor denies the truth of Edmondson's allegations.

According to Edmondson's Counter-Complaint, "on or about June 27, 2019," Debtor executed a quitclaim deed with Mr. Glass concerning property he owned in fee simple absolute located in Nashville, Tennessee. (*Id*. ¶ 54.) Edmondson alleges that the deed conveyed a joint tenancy in common with rights of survivorship to Debtor, which resulted in Debtor receiving full title to the property upon Mr. Glass's death. (*Id*. ¶¶ 55-56.)

Edmondson further alleges that, at the time Debtor and Mr. Glass entered into the quitclaim deed, Mr. Glass was "gravely ill with Dementia and Emphysema and did not understand his rights." (*Id*. ¶ 57.) Edmondson claims that Debtor used her position, as someone who cared for and lived with Mr. Glass, to unduly influence Mr. Glass to transfer the property or, "[a]lternatively," that Debtor forged Mr. Glass's signature on the deed. (*Id*.

---

[1] This Court may take judicial notice of all the Exhibits attached to this Motion to Dismiss and Memorandum in Support. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)(finding that in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted, courts are permitted to consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment).

¶¶ 58-60.) Edmondson alleges he is familiar with his father's handwriting and believes the signature on the deed is not genuine. (*Id*. ¶ 61.)

Edmondson states he "found out about what happened on January 8, 2021," and subsequently, through counsel, sent a letter to Debtor "informing her that the interest that she received in 2019 was procured by fraud and duress." (*Id*. ¶ 63.)

As a matter of law, seven of the thirteen counts asserted by Edmondson, each arising from the foregoing allegations, fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), as they are either barred by the applicable statute of limitations or are otherwise insufficiently pled. Accordingly, the Counter-Complaint should be partially dismissed with prejudice.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this matter by Rule 7012 of the Federal Rules of Bankruptcy Procedure, permits the dismissal of a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, all of the well-pleaded factual allegations in a plaintiff's complaint must be accepted as true and construed in the light most favorable to the plaintiff. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). However, "[t]he standard of review 'requires more than the bare assertion of legal conclusions.' And, this Court 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001)(citations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quotation omitted). To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC*, 500 F.3D at 527. A complaint must not be "so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading." *Id.*; Fed. R. Civ. P. 12(e).

State statutes of limitations govern in cases where federal courts are adjudicating state law claims to ensure consistent application of state law and to respect principles of federalism; a "statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945). Specifically, "[w]henever that law is authoritatively declared by a State, whether its voice be the legislature or its highest court, such law ought to govern in litigation founded on that law, whether the forum of application is a State or a federal court." *Id.* at 112. Further, the Supreme Court has provided that "[t]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to

judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980).

While a statute of limitations defense is provided as an affirmative defense under Federal Rule of Civil Procedure 8(c) and is generally raised in an answer as such, "[w]hen the allegations show that relief is barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *G.G. Marck & Assocs. v. Peng*, 762 F.App'x 303, 307 (6th Cir. 2019).

Tennessee Code Annotated § 28-3-105, which provides the statute of limitations for property tort actions, states that actions for injuries to real property "shall be commenced within three (3) years from the accruing of the cause of action." Moreover, "[s]uits for fraud, deceit, or conspiracy, whether they arise incident to a contract or not, are actions in tort and must be governed by the applicable tort statute of limitations." *Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d 727, 729-730 (Tenn. Ct. App. 1980). To determine the applicable statute of limitations, Tennessee courts are to look at the "gravamen" of the claim(s), analyzing the legal basis or subject of each claim and the type of damages sought, rather than the claim's express label. *Benz-Elliott v. Barrett Enter., LP*, 456 S.W.3d 140, 141, 149, 152 (Tenn. 2015). "An action for fraud is an action in tort and is governed by the three-year statute of limitations found in T.C.A. § 28-3-105," and even if a plaintiff attempts to frame the cause of action in terms of contract or constructive trust, where the "gravamen of the complaint" is based in fraudulent conduct, the action "sound[s] in tort." *Am. Fidelity Fire Ins. Co. v. Tucker*, 671 S.W.2d 837, 841 (Tenn. Ct. App. 1983).

Under Tennessee law, the limitations period begins to accrue from the date "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence,

5
Case 3:25-ap-90059    Doc 10    Filed 08/07/25    Entered 08/07/25 13:28:35    Desc Main
Document      Page 5 of 11

it should have been discovered." *Fortune v. Unum Life Ins. Co. of Am.*, 360 S.W.3d 390, 403 (Tenn. Ct. App. 2010) (citing *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990)). In Tennessee, all recorded instruments, including deeds, "shall be notice to all the world from the time they are noted for registration ... and shall take effect from such time." Tenn. Code Ann. § 66-26-102. Accordingly, "[c]onstructive notice is notice implied or imputed by operation of law and arises as a result of the legal act of recording an instrument under a statute by which recordation has the effect of constructive notice." *Blevins v. Johnson Cnty.*, 746 S.W.2d 678, 682-83 (Tenn. 1988). The purpose of allowing recordation to constitute constructive notice is to "encourage[] diligence in protecting one's rights and [to] prevent[] fraud." *Id.* at 683.

Federal Rule of Civil Procedure 9(b), made applicable to this matter by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires that, in making allegations of fraud, a party "state with particularity the circumstances constituting fraud." The underlying purpose of Rule 9(b) is to prevent casual allegations of fraud and to provide enough specificity "to put defendants on notice as to the nature of the claim" brought. *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 615 (6th Cir. 2024)(citations omitted). Rule 9(b) applies to claims that are based on fraudulent conduct, "claims that sound in fraud," even if not explicitly labeled as fraud. *Kolominsky v. Root, Inc.*, 100 F.4th 675, 683 (6th Cir. 2024). When alleging fraud, the rule requires that a plaintiff "specify the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). More specifically, a plaintiff's complaint must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

fraudulent.'" *Greer*, 114 F.4th at 615 (citations omitted). As such, "'[g]eneral allegations' that raise the mere 'possibility' of fraud will not do; instead, the complaint must 'provide the factual predicates necessary to convince [the court] that the [underlying fraud] in all likelihood occurred." *Id.*

ARGUMENT

**THE COUNTER-COMPLAINT MUST BE DISMISSED IN PART WITH PREJUDICE AS SEVEN OF EDMONDSON'S THIRTEEN COUNTS FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED BECAUSE THEY ARE EITHER TIME-BARRED OR INSUFFICIENTLY PLED.**

Seven of the thirteen counts brought by Edmondson against the Debtor and Trustee should be dismissed because Edmondson fails to state claims upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth below, even when facts alleged are taken as true, Edmondson does not have a valid legal basis for relief related to Counts 1, 2, 3, 4, 5, 11, and 13 either because they are barred by the applicable statute of limitations or because they are insufficiently pled.

    **A. EDMONDSON HAS BROUGHT FIVE COUNTS THAT ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

The following counts are all predicated on Edmondson's allegation that Debtor engaged in fraudulent conduct in connection with the execution of the 2019 quitclaim deed and fail to state a claim upon which relief can be granted because they are barred by the applicable statute of limitations: Count 1 (actual and constructive fraud, undue influence, and/or duress in connection with the 2019 deed, seeking deed cancellation); Count 2 (forgery of the 2019 deed, seeking deed cancellation); Count 4 (quiet title, based on Debtor's alleged fraudulent interest arising out of the 2019 deed); Count 5 (rescission of

the 2019 deed, based on Debtor's alleged fraudulent conduct); and Count 11 (rescission of the 2019 deed, based on Debtor's alleged fraudulent conduct).[2]

Because each of these claims arises from alleged fraud related to the 2019 deed, they "sound in tort" and are governed by the three-year limitations period for injuries to real property under Tennessee Code Annotated § 28-3-105. *Am. Fidelity Fire Ins. Co.*, 671 S.W.2d at 841. Under Tennessee law, the limitations period begins to run "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *Fortune*, 360 S.W.3d at 403. The recordation of a deed, by statute, is considered notice to the world; thus, a plaintiff is considered to have constructive notice of a deed upon its recordation. Tenn. Code Ann. § 66-26-102; *Blevins*, 746 S.W.2d at 682-83; Tenn. Code Ann. § 66-26-102.

Edmondson alleges that Debtor engaged in fraudulent conduct to induce Mr. Glass to execute a quitclaim deed for his property "on or about June 27, 2019." (Countercl. ¶ 54.) The quitclaim deed was later recorded on July 9, 2019. (Exhibit A.) Edmondson claims that he "found out about what happened on January 8, 2021." (*Id.* ¶ 63.)

The statute of limitations on Edmondson's claims expired, at the earliest, on June 27, 2022, three years after the allegedly fraudulent quitclaim deed was executed. At the latest, the limitations period expired on January 8, 2024, three years after Edmondson alleges he discovered the alleged fraud.

More likely, the period expired on July 7, 2022, three years after the deed was formally recorded, which constitutes constructive notice. In any of these scenarios,

---

[2] Trustee notes that Count 11 appears to duplicate the allegations and theory previously asserted in Count 5 without meaningful distinction.

Edmondson's suit was filed beyond the three-year limit. All of Edmondson's claims seeking to cancel or void the 2019 quitclaim deed based on alleged fraud are barred by the applicable statute of limitations and thus fail to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

### B. EDMONDSON FAILS TO ALLEGE FRAUD WITH THE PARTICULARITY REQUIRED FOR SEVEN COUNTS, REQUIRING DISMISSAL FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

The following counts fail to state a claim upon which relief can be granted because Edmondson does not meet the heightened pleading standard for allegations of fraud required by Federal Rule of Civil Procedure 9(b): Count 1 (actual and constructive fraud, undue influence, and/or duress in connection with the execution of the 2019 deed, seeking deed cancellation); Count 2 (forgery related to the execution of the 2019 deed, seeking deed cancellation); Count 3 (declaratory judgment based on Debtor's alleged fraudulent conduct in the execution of the 2019 deed); Count 4 (quiet title based on Debtor's alleged fraudulent conduct in the execution of the 2019 deed); Count 5 (rescission of the 2019 deed based on Debtor's alleged fraudulent conduct); Count 11 (rescission of the deed based on Debtor's alleged fraudulent conduct in connection with the 2019 deed); and Count 13 (imposition of a constructive trust based on Debtor's alleged fraudulent conduct in obtaining her interest in the property related to the 2019 deed).

Edmondson's above claims are all premised, at least in part, on some alleged fraudulent conduct by Debtor. As such, these claims "sound in fraud," even if not expressly labeled as such, and are subject to the heightened pleading requirement of Rule 9(b), which mandates that allegations of fraud be pled with particularity. *Kolominsky*, 100 F.4th at 683.

Edmondson alleges that the 2019 Deed was executed as a result of either coercion, fraud, <u>or</u> forgery, and reiterates this theory as a foundational element across several causes of action. (Countercl. ¶¶ 58–61). Edmondson fails to provide the requisite particular factual allegations that would support such claims. There are no allegations identifying specific statements made by Debtor, no explanations of how any statements were fraudulent, no particular details about when or where the alleged fraudulent conduct occurred, and no specific explanations as to why Debtor would be motivated to engage in such conduct.

Edmondson does not provide particulars of how the recorded deed, signed by a notary public, was fraudulently executed; instead, Edmondson offers only speculative and alternative theories that if Debtor did not engage in some coercion, then Debtor alternatively committed forgery. Edmondson is making general allegations that fraudulent conduct of some kind exists. This kind of pleading fails under Rule 9(b), which requires that a plaintiff specify the particularities of "who, what, when, where, and how" the alleged fraud. *See Sanderson*, 447 F.3d at 877. Vague, conclusory assertions that Debtor's conduct was somehow, somewhere fraudulent do not suffice to provide Debtor with fair notice of the factual basis for the claims and fall short of demonstrating that the alleged fraud "in all likelihood occurred." *See Greer*, 114 F.4th at 615.

As such, all claims that are founded in Edmondson's speculation of fraudulent conduct have not been pled with the particularity required under Rule 9(b) and thus must be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

<u>CONCLUSION</u>

WHEREFORE, for the above and foregoing reasons, the Trustee respectfully submits that this Court should dismiss the Counter-Complaint in part with prejudice under

Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim upon which relief can be granted, for seven of Edmondson's thirteen alleged causes of action, specifically as to Counts 1, 2, 3, 4, 5, 11, and 13. Trustee also respectfully requests for such other and further relief as the Court deems necessary and appropriate under the circumstances.

        Respectfully Submitted,

        /s/ Justin T. Campbell
        Justin T. Campbell (TN Bar No. 031056)
        Thompson Burton PLLC
        1801 West End Avenue, Suite 1550
        Nashville, Tennessee 37203
        Tel:    615-465-6015
        Email: justin@thompsonburton.com
        *Attorney for Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served this 7th day of August, 2025, upon all parties of record requesting notice through the Court's electronic filing system, and by United States mail to:

Lorraine Wade
Wade Law Firm
199 Enon Springs Road W, Suite 100
Smyrna, TN 37210
lorrainewadelaw@gmail.com

        /s/ Justin T. Campbell
        Justin T. Campbell