## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 3:25-bk-01435** |
| **GWENDOLYN CAMILLIA** ) | **Chapter 7** |
| **WALLACE** ) | **Judge King** |
| ) | |
| **Debtor.** ) | |
| ) | |
| **EVA M. LEMEH, Trustee,** ) | |
| ) | **Adv. Proc. No. 3:25-ap-90059** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NAPOLEON EDMONDSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GWENDOLYN CAMILLA** ) | |
| **WALLACE** ) | |
| ) | |
| **Third-Party Defendant.** ) | |

## JOINT PRETRIAL STATEMENT

Plaintiff, Eva M. Lemeh, Chapter 7 Trustee herein ("Plaintiff" or "Trustee"),

Defendant Napoleon Edmondson ("Defendant Edmondson") and Third-Party Defendant

Gwendolyn Camilla Wallace ("Wallace") submit this Joint Pretrial Statement, pursuant to

Fed. R. Civ. Pro. 16 and as required in the Court's Summons (Docket No. 2) and Third-

Party Summons (Docket No. 8) for this matter.

## PLAINTIFF'S STATEMENT OF FACT AND THEORY

On June 27, 2019, the Debtor was a party to a Quitclaim Deed with Napoleon Glass ("Glass" or "Mr. Glass"). The Quitclaim Deed transferred Mr. Glass' fee simple interest in real property, located at 120 Islandia Drive, Nashville, TN 37217 (the "Real Property"), to the Debtor and Glass as co-tenancy with right of survivorship. Mr. Glass passed away on August 24, 2019 and his interest in the Real Property transferred to the Debtor upon his death.

Following Mr. Glass' death, the Debtor continued to live in the home, pay the mortgage, and pay the upkeep of the Real Property. Upon information and belief, the Debtor lived with Mr. Glass for many years at the Real Property prior to his death, and the Debtor may have provided some of the funding necessary at the initial purchase of the Real Property.

On or around January 8, 2021, Defendant Edmondson sent a letter to the Debtor asserting that the Debtor obtained her interest in the Real Property "through means designed to manipulate Mr. Glass due to his vulnerable mental state," despite Defendant Edmondson not being present at the signing of the Quitclaim Deed. The Debtor has testified that Defendant Edmondson continued to harass her throughout 2021.

On or around, January 29, 2022, the Debtor executed a Quitclaim Deed with Defendant Edmondson whereby Debtor conveyed her interest in the Real Property to Defendant Edmondson and retained only a life estate in the Real Property (the "Transfer"). Upon information and belief, the Debtor received nothing in exchange for the Transfer to Defendant Edmondson. The Debtor has testified that she felt threatened and harassed to sign the Quitclaim Deed with Defendant Edmondson.

The Transfer to Defendant Edmondson was made for no reasonably equivalent value. Furthermore, the Transfer devalued the Debtor's interest in the real property so much that it rendered the Debtor insolvent.

The Transfer described herein is avoidable pursuant to 11 U.S.C. § 548 and/or via the strong-arm provisions of 11 U.S.C. § 544(b) and T.C.A. § 66-3-101 and the Transfer, or the value of the Transfer, may be recovered pursuant to 11 U.S.C. § 550.

Additionally, Defendant Edmondson filed a thirteen (13) count counter-complaint in response to the Trustee's adversary proceeding. Some of those claims are barred by the applicable statute of limitations for such claim. Furthermore, the claims that do remain do not have any merit or are not an applicable defense against the Trustee.[1]

To the extent that the Court awards any ownership interest in the Real Property to Defendant Edmondson, the Trustee seeks a determination from this Court that the Trustee may partition and sell the Real Property pursuant to 11 U.S.C. § 363(h). The Trustee asserts that (if applicable) the Real Property satisfies all of the requirements to be sold through partition and sale and the benefit to the creditors of the estate outweighs any detriment to the co-owners of the Real Property.

## DEFENDANT EDMONDSON'S STATEMENT OF FACT AND THEORY

Napoleon Edmondson is a defendant in an adversary proceeding arising out of the bankruptcy case of Gwendolyn Camillia Wallace. The Trustee, Eva Lemeh, seeks to avoid and recover an alleged fraudulent transfer of real property under the Tennessee Uniform

---

[1] On August 7, 2025, the Trustee filed a Motion (and Brief) to Dismiss certain claims in Defendant Edmondson's Counter-Complaint. The Trustee awaits the opportunity to address that Motion with this Court.

Case 3:25-ap-90059   Doc 11   Filed 08/21/25   Entered 08/21/25 14:23:02   Desc Main
Document   Page 3 of 10

Fraudulent Transfer Act (TUFCA) and 11 U.S.C. § 544(b), as well as to obtain court approval for the sale and partition of the property pursuant to 11 U.S.C. § 363(h).

Edmondson admits several background facts concerning the existence of the property, the bankruptcy case, and the recording of a 2019 quitclaim deed. However, he disputes the validity of the 2019 deed, asserting that it was procured through fraud, duress, or forgery involving his father's signature. He emphasizes that, although Wallace appears on the deed, she was not truly a party to the transaction due to its fraudulent nature.

He denies that the alleged transfer constituted a valid "transfer" within the meaning of the bankruptcy and fraudulent transfer statutes, maintaining instead that the deed was the product of fraud and thus ineffective. He further denies the allegations that the elements of fraudulent transfer under TUFCA are properly pled.

With respect to the mortgage, Edmondson states that the mortgage was in the name of Napoleon Glass (now deceased) and not in the name of Wallace, the debtor. He denies that the trustee is entitled to avoidance, sale, or partition, and demands strict proof of all claims.

Through his affirmative defenses, Edmondson contends that the trustee's allegations fail to state a proper claim for relief under the fraudulent transfer statutes and that the deed in question should not be recognized as a valid transfer due to the circumstances of its execution

## THIRD PARTY DEFENDANT NAPOLEON EDMONDSON'S STATEMENT OF FACT AND THEORY

Napoleon Edmondson alleges that in 2019, Wallace—acting as caregiver and girlfriend to his gravely ill father, Napoleon Glass—procured a quitclaim deed that gave her a survivorship interest in his property. He contends that this deed was obtained through fraud, duress, undue influence, or forgery.

In 2021, Edmondson, through counsel, notified Wallace that her 2019 interest was fraudulently obtained. To avoid litigation, the parties entered into a settlement agreement in 2022, resulting in a new deed: Wallace conveyed the property to Edmondson but retained a life estate, and she agreed to pay the mortgage and taxes. Wallace has allegedly failed to honor these obligations, placing the property at risk of foreclosure, while continuing to live there without paying the mortgage.

**Edmondson now asserts multiple legal and equitable claims.**

**Claims**

1. **Fraud / Undue Influence / Duress (Count I)**

   o Wallace coerced or unduly influenced Mr. Glass into signing the 2019 deed, or alternatively forged his signature.

   o She also signed the 2022 deed as a settlement but had no intention of honoring her obligation to pay the mortgage.

   o Edmondson relied on her promises, and her failure to perform has caused him detriment.

2. **Forgery (Count II)**

o   Wallace forged or caused the forgery of Mr. Glass's signature on the 2019 deed, which entitles Edmondson to cancellation of that deed and damages.

3. **Declaratory Judgment (Count III)**

   o   Seeks a declaration that Wallace has no valid interest in the property.

   o   Alternatively, recognition that under the 2022 settlement, her interest is limited to a life estate only.

4. **Quiet Title (Count IV)**

   o   Requests the court to remove Wallace's alleged fraudulent interest and confirm title in Edmondson's favor.

5. **Rescission of 2019 Deed (Count V & XI)**

   o   Edmondson asks the Court to rescind (void) the 2019 deed due to fraud, duress, undue influence, or forgery.

   o   He also asserts that, as his father's only heir, he would have inherited the property but for Wallace's misconduct.

6. **Equitable and Judicial Estoppel (Count VI)**

   o   Wallace is barred from claiming any interest because she failed to disclose the deeds, transfers, or settlement agreement in her 2022 and 2024 bankruptcies.

7. **Breach of Oral Contract (Count VII)**

- Edmondson alleges an oral settlement agreement in 2022: he would refrain from suing Wallace for fraud if she deeded him a fee simple interest (retaining only a life estate) and paid the mortgage.

- Wallace breached this agreement by:

  - Not paying the mortgage, and

  - Allowing Edmondson to be sued in this adversary proceeding.

- He claims damages due to her breach.

8. **Promissory Estoppel (Count VIII)**

- Wallace promised to pay the mortgage if Edmondson allowed her to remain in the property with a life estate.

- Edmondson relied on this promise, refrained from suing, and is now harmed by her non-payment and the risk of foreclosure.

9. **Unjust Enrichment (Count IX)**

- Wallace continues to live in the property without paying the mortgage or taxes, gaining the benefit of free housing while Edmondson bears the risk of foreclosure.

10. **Exemption from Bankruptcy Discharge (Count X)**

- o Wallace's false statements and omissions in her 2022 and 2024 bankruptcies—such as failing to disclose the 2022 deed and settlement—warrant denial of discharge under **11 U.S.C. §§ 523 and 727**.

11. **Injunctive Relief (Count XII)**

- o Seeks an injunction requiring Wallace to maintain the property, pay taxes and insurance, prevent waste, and prohibit further transfers.

12. **Constructive Trust (Count XIII)**

- o Requests the Court impose a constructive trust on any interest Wallace claims, to prevent unjust enrichment and preserve Edmondson's equitable title.

## STATEMENT OF UNCONTESTED FACTS

1. On the Petition Date (April 3, 2025), the Debtor resided at 120 Islandia Drive, Nashville, TN 37217.

2. Plaintiff Eva M. Lemeh is the duly appointed Chapter 7 Trustee for the Bankruptcy Estate of Gwendolyn Wallace.

3. Napoleon Glass passed away on or around August 24, 2019.

4. On January 8, 2021, Edmondson, through attorney Brent Hays, issued a letter to the Debtor asserted that she "obtained your interest in the property through means designed to manipulate Mr. Glass due to his vulnerable mental state."

5. On June 27, 2019, Mr. Edmondson executed a deed in favor of M Wallace whereby she received an joint tenant with right of survivorship in his home

## JOINT STATEMENT OF CONTESTED FACTS

1.      Whether any reasonably equivalent value was exchanged for the Transfer associated with the 2022 Quitclaim Deed.

2.      Whether the Debtor received the Real Property through fraud or coercion.

3.      Whether the Transfer of the Debtor's interest in the Real Property to Defendant Edmondson rendered the Debtor insolvent.

4.      Whether the Napolean Glass's transfer of the property to Gwendolyn Glass on June 27,2019 was based on fraud or coercion, or duress

5.      Whether Ms. Glass breached an oral settlement agreement with Mr. Edmondson regarding the execution of the June 2019 deed.


## JOINT STATEMENT OF CONTESTED LEGAL ISSUES

1.      Whether the Trustee can avoid the Transfer pursuant to T.C.A. § 66-1-301, via 11 U.S.C. § 544

2.      Whether the Trustee is entitled to recover the Transfer, or the value of the Transfer, for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551.

3.      Whether, if applicable, the Trustee is entitled to partition and sale the Real Property pursuant to 11 U.S.C. § 363(h).

4.   Whether the court should set aside the June 27, 2019, deed based on fraud coercion or duress

5.   Should the court pursuant to 28 U.S.C. Sec 2201 declare that Ms. Wallace has no valid interest in the real property should the 2022 be rescinded?

6.   Did Ms. Wallace breach the oral settlement agreement with Mr. Edmondson?

7. Should the bankruptcy court issue an order necessary to preserve the estate under 11 U.S.C. Sec. 105(a) and Rule 7065.

8. Should Ms. Wallace's bankruptcy claim be exempt from discharge under 11 U.S.C. Sec 523 (1)(A) and Sec 727(a)(4) for false oaths and concealment of assets.


Dated this 21st day of August, 2025.


Respectfully submitted,

/s/  Justin T. Campbell
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel: (615) 465-6015
Email: justin@thompsonburton.com

Attorneys for Erica R. Johnson, Trustee


/s/ Lorraine Wade
Lorraine Wade
Wade Law Firm
199 Enon Springs Road W
Suite 100
Smryna, TN 37210
Tel:    615.915.0289
Fax:    615.915.0290
lorrainewadelaw@gmail.com

Attorney for Defendant
*Napoleon Edmondson*