IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF TENNESSEE AT NASHVILLE

In re
GWENDOLYN CAMILLIA WALLACE

      Debtor
v.                                                 No. 3:25-bk-01435
                                                     JURY DEMAND
EVA M. LEMEH                            JUDGE NANCY B. KING
V.
NAPOLEON EDMONDSON,

## NAPOLEAN EDMONDSON'S RESPONSE IN OPPOSITION TO TRUSTEE'S PARTIAL MOTION TO DISMISS ADVERSARY PROCEEDING

Comes now Third-Party Plaintiff, Napolean Edmondson ("Mr. Edmondson") hereby responds to the Trustee's Motion for Partial Dismissal Adversary Proceeding. Based on the below, Mr. Edmondson seeks the court deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Edmondson's complaint challenges a quitclaim deed executed on June 27, 2019, and recorded on July 9, 2019, by Gwendolyn Camilla Wallace ("Wallace"), who was then serving as caretaker for Mr. Glass. *(Answer and Third-Party Compl.)*. At that time, Mr. Glass was gravely ill, cognitively impaired, and dependent on Wallace, rendering him unable to understand or voluntarily execute the transfer. (*Third-Party Compl. ¶¶ 54-60*). Alternatively, the deed is alleged to be a forgery. Edmondson did not discover the fraudulent nature of the transaction until January 8, 2021, when he compared signatures and confirmed Mr. Glass's incapacity, at which time his counsel sent a demand letter

Case 3:25-ap-90059    Doc 12    Filed 08/21/25    Entered 08/21/25 22:36:30    Desc Main
Document      Page 1 of 10

placing Wallace on notice that if the matter was not settled a lawsuit would be filed. (*Third-Party Compl. ¶¶ 61-65*). The complaint has thirteen counts: Count 1: Actual and constructive fraud/undue influence and/or Duress; Count 2: Forgery; Count 3: Declaratory Judgment; Count 4: Quiet Title, Count 5: Rescission of Deed; Count 6: Equitable Estoppel and Judicial Estoppel; Count 7: Breach of Contract; Count 8: Promissory Estoppel; Count 9: Unjust Enrichment; Count 10: Exemption from Bankruptcy Discharge; Count 11: Rescission of Deed; Count 12: Injunction-Bankruptcy Court Under 11 U.S.C. Sec 105(a); Rule 7065; Count 13: Constructive Trust

Trustee seeks dismissal of Counts 1, 2, 3, 4, 5, 11, and 13 as time-barred or insufficiently pled. On the face of the pleadings—and under Rule 12(b)(6)'s standard—dismissal is improper. The Third-Party Complaint alleges (i) a June 27, 2019 quitclaim deed recorded July 9, 2019; (ii) Mr. Glass's grave cognitive/respiratory illness at the time of execution; (iii) Debtor's caretaker relationship and undue influence; (iv) alternatively, forgery; and (v) Edmondson's discovery of the fraud on January 8, 2021, and immediate notice to Wallace through counsel and subsequent settlement of those allegations which tolls any such statute of limitations.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matters to state a claim for relief that is plausible on its face. **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)**. In determining the validity of a motion to dismiss for failure to state a claim, the court need not accept as true legal conclusions or unwarranted factual inferences but the court must construe the

complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.. **(Fed. R. Civ. P. 12(b)(6); IN RE: SADLON 595 B.R. 260 (BR. S.D. Ohio W.D.) (September 4, 2018).** Consequently, to survive the filing of a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001). [1]

## ARGUMENT

I.  The Trustee's limitations defense fails. – Counts 1, 2, 4,5, 11. 13

It is important to note that Mr. Edmondson's claims regarding the fraud, forgery and rescission of the 2019 deed are only viable if this court declares the 2022 deed void or voidable.

A statute-of-limitations dismissal at Rule 12(b)(6) lies only where the bar is apparent from the complaint itself. The Trustee acknowledges that state SOLs govern and that dismissal is permitted only where the pleadings establish the bar. Here, they do not. Statutes of limitation are meant to protect defendants from prejudice because of undue delay and to guard against loss of evidence over the passage of time. *See [Smith v. Grumman–Olsen Corp., 913 F.Supp. 1077, 1083 (E.D.Tenn.1995)](.)*.

---

[1] Trustee in footnote 1 states that this court may take judicial notice of all Exhibits attached to "this Motion to Dismiss and Memorandum in Support" however no documents are attached to the Motion or the Memorandum, so this argument will not be addressed.

Page **3** of **10**

The Trustee characterizes the gravamen of the counts as fraud/injury to real property and invokes a three-year period under Tenn. Code Ann. § 28-3-105, running from deed execution, recording, or discovery, and argues expiration by June/July 2022 or, at latest, January 8, 2024. When deciding this issue, state law applies. In bankruptcy, just as in diversity, state substantive law defines the parties' underlying rights and obligations. **In re Dow Corning Corp., 778 F.3d 545, 60 Bankr.Ct.Dec. 176 (6th Cir. 2015).**

The Trustee argues that since the Third-Party Complaints alleges that Mr. Edmondson found out about the fraud on January 8, 2021, that somehow the statute of limitations prohibits him from filing this claim now. The Trustee has failed to point out that the Third-Party Complaint. also alleges that when Mr. Edmondson discovered the fraud, he sent a letter to Wallace and requested: "….that the matter be settled in lieu of a lawsuit being filed against her." Wallace then retained Ms. Love, the same lawyer that drafted the 2019 Quit Claim deed to handle the situation. (*Third-Party Comp. ¶ 65).* As a result of negotiations, Ms. Wallace signed the 2022 deed giving Mr. Edmondson an interest in the property while she retained a life estate. " *(Third-Party Compl. ¶¶ 64-66).* Once the deed was signed on January 29, 2022, Mr. Edmondson's fraud claim expired and became moot.

A statute of limitations only starts running once a cause of action has accrued. If the fraud claim was mooted (no damages, no viable claim), then no statute of limitations began to run because there was nothing to sue over. To argue "he should have sued earlier" ignores the fact that fraud requires actual injury. Without injury after the new deed was executed, a plaintiff would have had no standing to bring a fraud claim. Courts in Tennessee have consistently held that damages are an essential element of fraud. **Inner**

**images, Inc v. Robert Newman et al,** *579 S.W.3d 29 (Tenn Ct, App. 2018).* Any statute of limitations defense premised on failing to sue before June 27, 2022, collapses, because no fraud claim could have been filed before then due to the January 29, 2022, deed. A defendant cannot rely on an "expired" limitations period when the cause of action had not yet accrued or had been extinguished by subsequent events that extinguish any judicial remedies for the Plaintiff. A cause of action does not accrue, so as to trigger statute of limitations, until a judicial remedy is available. **First Community Mortgage v. Appraisal, 644 SW.3d (Tn Ct. App. 2021).**

The Trustee relies on constructive notice. This is error. Constructive notice only fixes the outer limit of when a claim could accrue, but a statute of limitations cannot run on a claim that was extinguished by settlement before it ever ripened into a justiciable case. Once Ms. Wallace executed the 2022 deed, there was no fraud injury left to sue over. Constructive notice of the 2019 deed becomes irrelevant because the injury had been resolved before limitations ever expired."

Even if there was a viable claim prior to the Trustee's complaint attempting to set aside the 2022 deed- Equitable tolling applies. The doctrine of "equitable estoppel," tolls the running of the statute of limitations where the defendant has "misled the plaintiff into failing to file [his] action within the statutory period of limitations." *Norton v. Everhart,* 895 S.W.2d 317, 321 (**Tenn**. 1995); *see also See Am. Mutual Liab. Ins. Co. v. Baxter,* 210 **Tenn**. 242, 247–**48**, 357 S.W.2d 825, 827 (1962); *Bernard v. Houston Ezell Corp.,* 968 S.W.2d 855, 862 (Tenn.Ct.App.1997); *Sparks v. Metro. Gov. of Nashville,* 771 S.W.2d 430, 433 (Tenn.Ct.App.1989).[2] Where equitable estoppel has been raised, therefore, a court must determine whether the defendant engaged in conduct specifically

designed to prevent the plaintiff from suing in time. **Quoting Fahrner v. SW Mfg., Inc., 48 S.W.3d 141, 145–46 (Tenn. 2001).**

In this case it was obvious that the Plaintiff did engage in conduct specifically designed to prevent Mr. Edmondson from suing. The allegations in the Third-Party Complaint state that the parties entered into a settlement agreement that stopped Mr. Edmondson from filing a lawsuit against Wallace relating to the execution of the 2019 deed. *(Third-Party Compl. ¶¶ 64-73)*. Ms. Wallace's actions in signing the new deed in 2022 are the reasons why a lawsuit for fraud, rescission and forgery was not filed against her before June 27, 2022- A classic example of equitable tolling. *(Third-Party Compl. ¶¶ 64; 73; 103; 109).*

Moreover, Mr. Edmondson is not only seeking damages but also cancellation and rescission. Therefore, the three- year statute of limitations under T.C.A. Sec. 28-3-105 does not apply. In **Orlando Residence, Ltd. v. Nashville Lodging Co., No. 01A-01-9606-CH-00256, 1996 WL 724915 (Tenn. App. Dec. 18, 1996), perm. to appeal denied, concurring in result only (May 19, 1997)**, the Court held that an action to set aside a fraudulent conveyance is governed by the seven-year statute set forth in Tennessee Code Annotated § 28-2-103 which states:

(a) No person or anyone claiming under such person shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued.

(b) No possession of lands, tenements or hereditaments shall be deemed to extend beyond the actual possession of an adverse holder until the muniment of title, if any, under

which such adverse holder claims such lands, tenements or hereditaments is duly recorded in the county in which the lands are located.

In his Third-Party Complaint Mr. Edmondson has asked for rescission and voidance. **(Third-Party Compl. ¶¶ 79,82, 91, 126).** To apply a three year of statute of limitations would be require an interpretation of the Third-Party Complaint unauthorized by the review standard for Rule 12 motions for failure to state a claim.

**II. The Third-Party Complaint specifically pleads facts for fraud pursuant to Rule 9- Count 1, 2, 3, 5, 11, and 13.**

The Third-Party Complaint correctly pleads fraud-based theories with sufficient particularity under Rule 9(b) . With respect to Rule 9(b), federal courts have recognized that allegations of undue influence or forgery are inherently fact-intensive and cannot be dismissed where the complaint specifies the challenged transaction, timing, roles, and misconduct. **U.S. ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) .** Rule 9(b) is satisfied where the complaint provides sufficient context to put a defendant on notice of fraudulent conduct. **Id.**

Federal Rule of Civil Procedure 9 (b) states:

> **Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.
>
> Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. **Ashcroft v. Iqbal, 556 U.S. 662 (2009).**

The Trustee correctly argues that the "who what when and where and how" must be alleged and it has. Rule 9(b) requires the "who, what, when, where, and how," read in context the Third-Party Complaint alleges:

- Who: Debtor Wallace (caretaker of Mr. Glass) and Mr. Glass. (Third-Party Compl.)

- What: Execution of a quitclaim deed transferring survivorship rights; alternatively, forgery of Mr. Glass's signature; undue influence/duress. *(Third-Party Compl. 50-69).*

- When/Where: June 27, 2019, execution, Wallace was accompanied to attorney Adrienne Love's office to execute a quitclaim deed for his property located in Nashville, Tennessee. *(Third-Party Compl. ¶ 54)*

- How/Why: Debtor used a position of trust over a gravely ill, cognitively compromised grantor to procure the transfer; Edmondson later compared signatures and contests authenticity. *(Third-Party Compl. ¶¶ 56, 57, 58, 59, 60)*

The Trustee makes the argument that Mr. Edmondson does not provide the particulars of how the recorded deed was signed but the Third-Party Complaint clearly states that Wallace was Mr. Glass's caregiver who lived with him and used her position to get him to either sign over his property or forged his signature. The Third-Party Complaint also states that she used her own attorney, Adrienne Love to accomplish this goal. These allegations are not vague or conclusory but are fact specific.

The pleading must also "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent

of the defendants; and the injury resulting from the fraud." **Sanderson v. HCA-The Healthcare Co., 447 F.3d 873, 877 (6th Cir. 2006).** The mere reading of Third-Party Complaint proves that the time of the fraud was June 27, 2019, the place was Adrienne Love's Office, and the content and alleged fraudulent scheme, intent and injury was the taking advantage of Mr. Glass's when he signed a deed that gave Wallace a 100% interest in his home depriving Mr. Edmondson, his only heir of his inheritance. This is enough. The existence of confidential or fiduciary relationship, together with a transaction by which the dominant party obtains benefit from other party, gives rise to presumption of undue influence that may be rebutted. **Matlock v. Simpson, 902 S.W.2d 384 (Tenn. 1995).** The Trustee argues that Mr. Edmondson does not provide particulars of how the recorded deed was signed by a notary public was fraudulently executed even though the law creates a rebuttable presumption of undue influence simply by relationship.

The Trustee also argues that the forgery is not specifically pled. However, Mr. Edmondson states in his complaint that he believes the signature was forged because he is familiar with his father's handwriting *(Third-Party Compl. ¶ 61)*. This familiarity is enough. **United States v. Robby Harris, 786 F.3d 443 (6th Cir. 2015)**

III. Counts for declaratory relief, quiet title, rescission, and constructive trust are equitable/remedial and rise or fall with the underlying claims—premature to dismiss now. The Trustee groups Counts 3, 4, 5, 11, and 13 as "fraud-based." Even if the Court were to trim or re-plead any "fraud" count, the equitable remedies (declaratory judgment, quiet title, rescission, constructive trust) should proceed because they are the vehicles for adjudicating title and remedying any proven undue influence/forgery. Early dismissal risks fragmenting merits issues that will be resolved on a fuller record.

## Conclusion

Taking the allegations as true and drawing all reasonable inferences in Edmondson's favor, the Trustee has not shown that seven counts are barred as a matter of law or that the pleadings fail Rule 9(b)/Rule 8. The Court should deny the Partial Motion to Dismiss as to Counts 1, 2, 3, 4, 5, 11, and 13, or alternatively grant leave to amend.

Respectfully submitted,

**Wade Law Firm**

*/s/ Lorraine Wade*

Lorraine Wade, BPR No. 22331
199 Enon Springs Rd W Suite 100
Smyrna, Tennessee 37167
Lorrainewade@wadelaw.net
(615) 915.0289
*Counsel for Defendant, Third-Party Napoleon Edmondson*

## CERTIFICATE OF SERVICE

This document was sent via the Federal Court Court's electronic filing system, via electronic mail and U.S. Mail to the following:

Justin T. Campbell

Thompson Burton

1801 West End Ave Suite 1550,

Nashville, Tennessee 37203

email justin@thomsonburton.com

On this 21st day of August 2025.

s/Lorraine Wade/s