# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

In re
GWENDOLYN CAMILLIA WALLACE

      **Debtor**

v.                                                          No. 3:25-ap-90059
                                                            JURY DEMAND

EVA M. LEMEH                                JUDGE NANCY B. KING
V.
NAPOLEON EDMONDSON
Defendant/Third Party Plaintiff
v.
GWENDOLYN CAMILLIA WALLACE
DEBTPR/Third-Party Defendant

## MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER

Napoleon Edmondson ("Edmondson"), Defendant/Third-Party Plaintiff, by and through undersigned counsel, respectfully moves this Honorable Court for leave to appeal the Bankruptcy Court's interlocutory order entered on October 8, 2025, granting the Trustee's Motion to Dismiss Counts I, II, III, IV, V, XI, and XIII of the Third-Party Complaint pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004.

### I. FACTS NEEDED TO UNDERSTAND THE QUESTION PRESENTED

1. This adversary proceeding arises from a disputed June 27, 2019, quitclaim deed executed during the late Napoleon Glass's cognitive decline, in which the Debtor, Gwendolyn Wallace, acquired a 100% fee simple interest in the real property located at 120 Islandia Drive, Nashville, Tennessee for no consideration. Napolean Edmonson is the son and only heir of Mr. Glass.

2. Edmondson alleges that the 2019 deed was procured by fraud, undue influence, or forgery. This issue was resolved in a 2022 deed when Wallace conveyed her interest in

the property to Edmondson on January 29, 2022, giving Edmondson a remainder fee simple interest while she maintained a life estate. This conveyance came after Edmondson by and through counsel sent a letter on January 8, 2021, to Wallace asking that the 2019 deed be rescinded to avoid litigation.

3. After the Wallace filed Chapter 7, the Trustee initiated this adversary proceeding seeking to avoid Edmondson's 2022 interest under the Fraudulent Conveyance Act T.C.A. § 66-3-301 via the strong-arm provisions of 11 U.S.C. § 544. Edmondson filed a Third-Party Complaint against the Debtor asserting thirteen counts including fraud, forgery, rescission, quiet title, and constructive trust- seeking to set aside the 2019 Deed.

4. The Trustee moved to dismiss Counts I, II, III, IV, V, XI, and XIII, arguing they were barred by Tennessee's three-year statute of limitations and insufficiently pled under Rule 12(b)(6).

5. Edmondson opposed, arguing that (a) the fraud claims did not accrue until after the 2022 settlement deed was threatened by the Trustee's action; (b) equitable tolling and estoppel applied due to Debtor's conduct; and (c) the limitations issue could not be resolved at the pleading stage.

6. On October 8, 2025, the Bankruptcy Court granted the Trustee's motion, dismissing the above counts.

## II. QUESTION PRESENTED

Whether the Bankruptcy Court erred in granting the Trustee's Rule 12(b)(6) motion and dismissing Edmondson's fraud, forgery, and rescission claims on statute of limitations grounds where (a) the pleadings raised factual questions regarding accrual and tolling,

and (b) the claims were extinguished by the 2022 deed, leaving no live cause of action to accrue or be time-barred.

### III. RELIEF SOUGHT

Mr. Edmondson seeks leave to appeal the interlocutory order of the Bankruptcy Court to the U.S. District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 158(a)(3), and for such other relief as the Court deems just.

### IV. ARGUMENT

**THE BANKRUPTCY COURT EXCEEDED THE FOUR CORNERS OF THE PLEADINGS AND MISAPPLIED THE STATUTE OF LIMITATIONS BECAUSE THE 2022 DEED EXTINGUISHED ANY FRAUD CLAIM ARISING FROM THE 2019 DEED**

Leave to appeal should be granted because the Bankruptcy Court committed two interrelated legal errors when it dismissed Counts I, II, III, IV, V, XI, and XIII of Edmondson's Third-Party Complaint: (1) it improperly relied on facts and inferences outside the four corners of the pleading, and (2) it misapplied the statute of limitations by treating the 2019 deed as the operative accrual point, even though the 2022 deed extinguished any fraud claim years earlier.

***A. The Court exceeded the Rule 12(b)(6) standard by going outside the pleadings.***

Under the well-established Rule 12(b)(6) standard, courts are limited to the allegations of the complaint, documents incorporated by reference, and matters of which judicial notice may be taken without drawing inferences against the nonmoving party. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matters to state a claim for relief that is plausible on its face. **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)**. In determining the validity of

a motion to dismiss for failure to state a claim, the court need not accept as true legal conclusions or unwarranted factual inferences but the court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.. (**Fed. R. Civ. P. 12(b)(6); IN RE: SADLON 595 B.R. 260 (BR. S.D. Ohio W.D.) (September 4, 2018).** Consequently, to survive the filing of a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Varljen v. Cleveland Gear Co., Inc.*, **250 F.3d 426, 429 (6th Cir. 2001).**

Here, the Third-Party Complaint alleges that Edmondson learned of the alleged fraud in 2021, issued a demand letter, and reached a negotiated resolution in January 2022 through the execution of a corrective deed restoring his property interest. The pleading does not allege that he had constructive notice in 2019, nor does it concede any statute-of-limitations bar.

Despite this, the Bankruptcy Court based its ruling on a judicially constructed timeline tied to the date of the 2019 deed's recording, drawing legal conclusions about when the claim accrued and expired. It treated constructive notice as established fact and resolved tolling and accrual questions against Edmondson — issues that are not appropriate for resolution at the motion-to-dismiss stage.

***B. The 2022 deed extinguished the fraud claim, leaving no cause of action to accrue or be time-barred.***

Even assuming constructive notice existed in 2019, Edmondson's allegations make clear that any fraud claim tied to that deed was extinguished when Wallace executed the 2022 corrective deed. Under Tennessee law, a cause of action accrues only when all

Page **4** of **11**

Case 3:25-ap-90059    Doc 20    Filed 10/21/25    Entered 10/21/25 16:02:34    Desc Main
Document      Page 4 of 11

elements, including actual injury, are present. Fraud requires injury as an essential element. When the alleged injury has been cured through subsequent agreement or transaction, there is no live claim and no limitations period can run.

Without injury after the new deed was executed, a plaintiff would have had no standing to bring a fraud claim. Courts in Tennessee have consistently held that damages are an essential element of fraud. **Inner images, Inc v. Robert Newman et al, *579 S.W.3d 29 (Tenn Ct, App. 2018).*** Any statute of limitations defense premised on failing to sue before June 27, 2022, collapses, because no fraud claim could have been filed before then due to the January 29, 2022, deed. A defendant cannot rely on an "expired" limitations period when the cause of action had not yet accrued or had been extinguished by subsequent events that extinguish any judicial remedies for the Plaintiff. A cause of action does not accrue, so as to trigger statute of limitations, until a judicial remedy is available. **First Community Mortgage v. Appraisal, 644 SW.3d (Tn Ct. App. 2021).**

Here, Edmondson alleges that after learning of the 2019 deed, he sent a demand letter, engaged counsel, and obtained a 2022 deed that restored his remainder interest while Wallace retained a life estate. That corrective transaction resolved the dispute and eliminated any injury arising from the 2019 deed. At that point, Edmondson had no claim to bring, and no cause of action existed to accrue or expire. The only reason the dispute resurfaced was because the Trustee later sought to set aside the 2022 deed, reviving an otherwise extinguished controversy. The Bankruptcy Court's order erroneously treated the 2019 deed as if it remained actionable throughout the entire period, ignoring the pleaded fact that the 2022 transaction had resolved the dispute.

*C. The error is both legal and procedural.*

The Bankruptcy Court did not convert the motion to dismiss into one for summary judgment under Rule 12(d), nor did it allow Edmondson to submit evidence. Instead, it made factual determinations on accrual and tolling, disregarded the curative effect of the 2022 deed, and substituted its own narrative for the allegations in the complaint. This deprived Edmondson of the protections of Rule 12(b)(6) and resulted in a dismissal that is legally unsound. In fact, on page one, footnote one of the court's opinion, it notes that facts relied on in its opinion came from both the adversary proceeding and the main case, facts outside of the Edmondson's third-party complaint. (Memo Opinion page 1).

This issue is precisely the type of controlling legal error appropriate for interlocutory review under 28 U.S.C. § 158(a)(3). It goes to the core of the case because it wipes out multiple causes of action based on a timeline the plaintiff never pled, involving facts the court inferred, and a claim that no longer existed after 2022.

## VII. THE BANKRUPTCY COURT APPLIED THE WRONG STATUTE OF LIMITATIONS — TENNESSEE LAW PROVIDES A SEVEN-YEAR PERIOD FOR FRAUD CLAIMS INVOLVING DEEDS AND REAL PROPERTY

The Bankruptcy Court's dismissal order rests on the mistaken application of the three-year limitations period in Tenn. Code Ann. § 28-3-105, which applies to ordinary property torts. That was legal error. Edmondson's claims — particularly Counts I, II, III, IV, V, XI, and XIII — arise from alleged fraud and forgery involving a real estate conveyance (the June 27, 2019 quitclaim deed). Under Tennessee law, the applicable limitations period for such claims is seven years pursuant to Tenn. Code Ann. § 28-2-103 and related caselaw.

**A. Tennessee recognizes a seven-year statute of limitations for fraud affecting title to land.**

Tenn. Code Ann. § 28-2-103 provides:

"No person shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued."

Tennessee courts have applied this seven-year period to claims seeking to set aside a deed for fraud, forgery, undue influence, or other equitable challenges to title. **Orlando Residence, Ltd. v. Nashville Lodging Co., No. 01A-01-9606-CH-00256, 1996 WL 724915 (Tenn. App. Dec. 18, 1996), perm. to appeal denied, concurring in result only (May 19, 1997)**,

These claims are legally and doctrinally distinct from the three-year statute applied to general property torts such as trespass or nuisance under Tenn. Code Ann. § 28-3-105. Edmondson's Third-Party Complaint seeks to rescind and set aside a deed on grounds of fraud and forgery, not recover for property damage. The Bankruptcy Court therefore applied the wrong statutory period.

**B. The seven-year statute was still running at the time of filing — no claim is time-barred.**

Even assuming, for argument's sake, that Edmondson's claim accrued in July 2019 when the quitclaim deed was recorded (which Edmondson does not concede), the seven-year limitations period would **not expire until July 2026**.

Edmondson's claims were asserted in this adversary proceeding in **2025** — well within the seven-year period prescribed by Tennessee law. Dismissing the claims on limitations grounds under a shorter three-year period was premature and legally incorrect.

**C. The Court's reliance on § 28-3-105 misclassified the claims.**

The Trustee's motion and the Court's order treated Edmondson's claims as if they were ordinary tort claims for injury to real property, rather than equitable claims to rescind a deed based on fraud. That misclassification led directly to the wrong limitations period being applied.

Tennessee law draws this distinction carefully: tort actions involving injury to land fall under § 28-3-105 (three years), while actions to recover or set aside title based on fraud, forgery, or undue influence fall under § 28-2-103 (seven years). See *Benz-Elliott v. Barrett Enterprises, LP*, 456 S.W.3d 140 (Tenn. 2015) (courts must identify the true gravamen of the claim to determine the correct statute of limitations). The gravamen here is fraudulent procurement of a deed — not damage to the land itself.

**D. Because the Court applied the wrong statute of limitations, the dismissal order is legally erroneous and warrants interlocutory review.**

The choice of statute of limitations is a **pure legal question**. Application of the wrong statute is reversible error. By applying a three-year period rather than the correct seven-year limitations period, the Bankruptcy Court prematurely dismissed Edmondson's core claims and effectively deprived him of a remedy expressly recognized under Tennessee law.

Interlocutory review is warranted because correcting this error now will restore legally viable claims, avoid piecemeal litigation, and materially advance the resolution of this case.

### VIII. RELIEF SOUGHT-Specified

For the foregoing reasons, Defendant/Third-Party Plaintiff Napoleon Edmondson respectfully requests that this Honorable Court:

1. Grant this Motion for Leave to Appeal pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004;

2. Accept for interlocutory review the Bankruptcy Court's October 8, 2025 order dismissing Counts I, II, III, IV, V, XI, and XIII of the Third-Party Complaint;

3. Reverse or vacate the dismissal order to the extent it is based on:

    - (a) reliance on facts and inferences outside the four corners of the pleading,

    - (b) misapplication of the statute of limitations, including failure to apply the correct seven-year period under Tenn. Code Ann. § 28-2-103,

    - (c) ignoring the extinguishment of the 2019 fraud claim by the 2022 corrective deed, and

    - (d) improper resolution of accrual and tolling issues at the Rule 12(b)(6) stage;

4. Remand the case to the Bankruptcy Court with instructions to reinstate Edmondson's claims and allow the matter to proceed on the merits; and

5. Grant such other and further relief as this Court deems just and proper.

                                        Respectfully submitted,

                                        **Wade Law Firm**

                                        */s/ Lorraine Wade*

                                        Lorraine Wade, BPR No. 22331
                                        199 Enon Springs Rd W Suite 100
                                        Smyrna, Tennessee 37167
                                        Lorrainewade@wadelaw.net
                                        (615) 915.0289
                                        *Counsel for Defendant, Third-Party Napoleon Edmondson*

## CERTIFICATE OF SERVICE

This document was sent via the Federal Court Court's electronic filing system, via electronic mail and U.S. Mail to the following:

Justin T. Campbell

Thompson Burton

1801 West End Ave Suite 1550,

Nashville, Tennessee 37203

email justin@thomsonburton.com

On this 21st day of October 2025.

                                        s/Lorraine Wade/s

## ATTACHMENTS

Pursuant to Fed. R. Bankr. P. 8004(a)(2), Edmondson attaches:

• Exhibit A: Bankruptcy Court Order Granting Trustee's Partial Motion to Dismiss (Oct. 8, 2025)

• Exhibit B: Edmondson's Response to Motion to Dismiss

• Exhibit C: Trustee's Memorandum of Law

• Exhibit D: Third-Party Complaint

Respectfully submitted,

WADE LAW

By: /s/ Lorraine Wade
Lorraine Wade, Esq.
Attorney for Napoleon Edmondson
199 Enon Springs Rd W Suite 100

Smyrna, Tennessee 37167

Lorrainewade@wadelaw.net